UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GINA GROSS-RUBIO,<br><br>          Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>          Defendant. | Case No.  2:12-cv-01281-APG-GWF<br><br>**ORDER**<br><br>**Motion for De Novo Review or in the Alternative to Allow Plaintiff to Conduct Discovery - #29** |

This matter is before the Court on Plaintiff's Motion for De Novo Review or in the Alternative to Allow Plaintiff to Conduct Discovery and Supplement the Record (#29), filed on May 12, 2014. The Defendant filed its Opposition to Plaintiff's Motion (#32) on May 30, 2014. The Court conducted a hearing in this matter on July 9, 2014.

**BACKGROUND AND DISCUSSION**

This case involves a claim for damages and equitable relief arising out of Defendant's alleged wrongful denial of disability payments under an employee benefit plan administered by Defendant Metlife, and which is governed by the Employment Retirement Income Security Act of 1974 as amended, 29 U.S.C. § 1001, et. seq. ("ERISA").  In regard to Plaintiff's request to conduct discovery in this case, the undersigned has determined that judicial review of the denial of Plaintiff's claim for disability benefits is governed by an abuse of discretion standard.  *See Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir. 2006).  The undersigned also finds no evidence that Defendant flagrantly violated the procedural requirements in investigating and adjudicating the Plaintiff's claim such that the court should conduct *de novo* review of Metlife's denial.  *See Abatie*, 458 F.3d at 971-72.  Judicial review under an abuse of discretion standard is

based on the record before the administrator.  Discovery is generally unnecessary where the court's decision is limited to the administrative record.

It is undisputed that Metlife has an apparent or structural conflict of interest because it both administers and funds the payment of benefits under the plan.  The court may consider this conflict of interest in determining whether the administrator abused its discretion in denying a claim for benefits.  *Abatie*, 458 F.3d at 968.  The court may also authorize limited discovery regarding the administrator's conflict of interest even where review is conducted pursuant to an abuse of discretion standard.  Specifically, where the administrator has retained a physician to review the claimant's medical condition and provide an opinion whether the claimant is disabled, courts have allowed the plaintiff to conduct discovery regarding the financial relationship between the reviewing physician and the administrator.  *See Frost v. Metropolitan Life Ins. Co.*, 414 F.Supp.2d 961, 964-65 (C.D.Cal. 2006).  Evidence derived from such discovery may be considered by the court in determining whether plan administrator's conflict of interest improperly influenced its decision.

Metlife retained Dr. John D. Thomas II to provide a medical opinion regarding Plaintiff's alleged disability.  Dr. Thomas reviewed Plaintiff's medical records and attempted to speak with her physician, but was not able to make contact with him.  Dr. Thomas provided a medical opinion that Plaintiff's medical condition limited her to performing sedentary work with certain additional limitations.  He also opined that subject to these limitations, she was able to work full time at her previous position.  Metlife allegedly relied on Dr. Thomas's opinion in determining that Plaintiff was not entitled to disability benefits.  Plaintiff desires to conduct discovery regarding Dr. Thomas's financial relationship with Metlife.  Defendant argues that such discovery should not be permitted because Dr. Thomas's opinion was consistent with other substantial evidence in the record and there is no basis to believe that his opinion was influenced by his possible financial relationship with Metlife or that Metlife's decision was a product of its alleged conflict of interest.  Defendant also argues that the amount of benefits in controversy does not justify the burden and expense of such discovery.

. . .

The Court finds that discovery limited to what percentage of Dr. Thomas's medical practice and income is derived from providing medical reviews for Metlife is relevant to the issue of Metlife's conflict of interest.[1]  There is no evidence presently before the court that such discovery will be unduly burdensome or expensive.  The Court is informed that Metlife contracts with a medical review service company that in turn contracts with physicians such as Dr. Thomas to perform medical reviews.  Dr. Thomas should be able to provide information as to what percentage of his work and income is derived from performing medical reviews, including medical reviews for the company that employed his services in this case.  The medical review service company should be able to provide information regarding what percentage of Dr. Thomas's reviews involve claims administered by Metlife.  The parties' counsel should meet and confer as to the most reasonable and least burdensome means to obtain the authorized discovery, whether through interrogatories, requests for production of documents, or deposition.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for De Novo Review or in the Alternative to Allow Plaintiff to Conduct Discovery and Supplement the Record (#29) is **granted**, in part, in accordance with the foregoing provisions of this order.

**IT IS FURTHER ORDERED** that discovery shall be completed within sixty (60) days from the date of this order, unless the time is hereafter extended by order of the court on stipulation of the parties or pursuant to motion.  The parties shall also submit a briefing schedule for a trial based on the administrative record.

DATED this 18th day of July, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

---

[1] Plaintiff is not otherwise authorized to conduct discovery relating to the reasonableness or basis for Dr. Thomas's medical opinions.